IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VALIANT GREEN,

                              OPINION AND ORDER

                Plaintiff,

                              15-cv-540-bbc

        v.

DAVID G. BETH, BRAD HEILET,
DAVE LIANEU, JANE AND/OR JOHN
DOE NURSING STAFF and
JOHN DOE FOOD VENDOR/DISTRIBUTOR,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se prisoner Valiant Green has filed a complaint under 42 U.S.C. § 1983 and state law in which he alleges that he was harmed while at the Kenosha County detention center after he bit down on a rock in his food.  In addition, he alleges that jail staff did not provide appropriate medical care for his injuries.  He raises claims under both the Constitution and common law negligence.  Plaintiff has made an initial partial payment of the filing fee under 28 U.S.C. § 1915(b)(1), so his complaint is ready for screening under 28 U.S.C. § 1915A.

Having reviewed the complaint, I conclude that it does not give defendants the fair notice of his claims that is required by Fed. R. Civ. P. 8.  Accordingly, I will give plaintiff an opportunity to file an amended complaint that fixes the problems identified in this order.

OPINION

A.  Legal Standard

As plaintiff recognizes in his complaint, jurisdiction over his state law claims arises under 28 U.S.C. § 1367, which requires a showing that the state law claims come from the same set of facts as one or more federal law claims.  Accordingly, I will consider plaintiff's federal law claims first.

Plaintiff does not say whether he was a pretrial detainee or a convicted prisoner at the time of the incident.  A detainee's claim regarding his conditions of confinement is analyzed under the Fourteenth Amendment and a prisoner's claim is analyzed under the Eighth Amendment, Rice ex rel. Rice v. Correctional Medical Services, 675 F.3d 650, 664 (7th Cir. 2012), but the Court of Appeals for the Seventh Circuit has applied the same standard under both amendments.  Thomas v. Cook County Sheriff's Dept., 588 F.3d 445 (7th Cir. 2009).  In particular, the question is whether an official  was aware of a substantial risk of a serious harm, but consciously refused to take reasonable measures to prevent the harm.  Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997).  To state a claim upon which relief may be granted and comply with the pleading requirements of Fed. R. Civ. P. 8, a plaintiff must provide fair notice of his claims and include enough facts to raise the claims above the level of speculation.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Plaintiff asserts a claim under the Constitution against both the jail officials and the unnamed food vendor.  However, the general rule is that claims under the Constitution must be brought against individuals who are "state actors," which means that they are employed

2

by the government.  <u>Blum v. Yaretsky</u>, 457 U.S. 991, 1004 (1982).  Because plaintiff cannot sue a private business like the food vendor under the Constitution, I am dismissing the complaint as to that claim.

## B.  <u>Failure to Screen Food</u>

Plaintiff alleges that he bit down on a rock that was in food served to him at the jail on September 12, 2014.  His mouth started bleeding immediately and he damaged four teeth.  Two teeth were chipped, one tooth was "split" and a gold tooth was "bent."

Those allegations are sufficient at the pleading stage to show harm, but they do not show that any of the defendants was aware of a substantial risk of serious harm or that they consciously refused to take reasonable measures to prevent the harm.  Plaintiff includes one paragraph in his complaint about that issue:

> Prior to September 12, 2014, defendants David G. Beth, Brad Heilet [and] David Lianeu . . . were aware that a number of inmates/detainees were injured as a direct result of biting into foreign objects (i.e., rocks, plastic forks, etc. . . .) that were in their food, and yet, these defendants failed to properly resolve the issue before more people suffered further injuries.

Cpt. ¶ 18, dkt. #1.  (Earlier in his complaint, plaintiff alleges that Beth is the sheriff for Kenosha County, Heilet is a lieutenant at the jail and Lianeu was the food service manager. <u>Id.</u> at ¶¶ 5-7.)

Plaintiff's conclusory allegation is not enough to give defendants fair notice of what they allegedly did wrong.  Plaintiff does not identify any specific past incidents and he does not explain what defendants knew about the incidents or how defendants knew about them.

3

Without that information, it is impossible to determine whether defendants may have violated plaintiff's constitutional rights by failing to prevent plaintiff's injuries.

Accordingly, I am dismissing plaintiff's complaint as to this claim, but I will give plaintiff an opportunity to file a new complaint that provides more information.  First, plaintiff should include all the information he knows about each previous incident in which a prisoner was injured because of foreign objects in his food.  In particular, plaintiff should try to answer the following questions, if he knows the answers:

- what were the objects found in the food in each of the previous incidents?

- when did these incidents occur?

- how many incidents were there?

- what injuries did the other prisoners suffer?

- how did jail officials respond to these incidents?

To the extent that plaintiff knows the answers to these questions, he should explain *how* he knows these answers.

Second, plaintiff should explain what defendants knew about these incidents.  It is not enough for plaintiff to allege that "defendants" collectively were aware of these incidents.  Grieveson v. Anderson, 538 F.3d 763, 778 (7th Cir.2008) (plaintiffs may not rely on "[v]ague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct").  Rather, plaintiff must explain what *each defendant* knew and what actions he or she took in response to each incident.  In addition, plaintiff should explain how he knows that each defendant was aware

4

of the past incidents.

## C.  Delay in Treating Injuries

Plaintiff alleges that he had to wait six days before he received any treatment for his injuries and then he waited another month to see the dentist.  On the day of his injury, he informed "a number of different jail staff" members that he bit into a rock, damaged his teeth and was feeling serious pain.  Cpt. ¶ 13, dkt. #1.  These staff members "informed him that they had let the nursing staff know of his condition."  Id.  Over the next six days, plaintiff says that he "continued to alert the unit staff of his condition" and that unit staff "reiterated that they had contacted the nursing staff."  Id. at ¶ 14.  Plaintiff is not suing any of the staff members to whom he complained.  Instead, he is suing unnamed "nursing staff" for failing to respond to his complaints.

I understand plaintiff to be raising two claims about delay: (1) nursing staff refused to see him for six days; and (2) nursing staff failed to schedule a dentist appointment for a month.  Under some circumstances, a delay in providing needed medical treatment can violate the Constitution.  E.g., Conley v. Birch, 796 F.3d 742, 749 (7th Cir. 2015); McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010).  However, there are a number of problems with plaintiff's two claims.  As an initial matter, with respect to the initial delay in seeing him, plaintiff does not explain why he believes that the problem was nursing staff's refusal to respond rather than other staff's failure to tell nursing staff about the problem. For example, he does not say whether he asked nursing staff when they examined him why

they waited six days to see him.  In fact, he provides no details about what happened during that exam.

The more immediate problem with respect to the initial delay is that plaintiff has not provided enough information to identify the allegedly culpable members of the nursing staff. "A plaintiff [suing 'John Doe' defendants] must not only allege that the defendant is unknown, but also provide, or attempt to provide, an adequate description or other known information so that service of process can at least be attempted. . . . The court will not permit use of the 'Doe' designation for a defendant if the plaintiff's ignorance of the defendant's true identity is the result of willful neglect or lack of reasonable inquiry."  2 Moore's Federal Practice § 10.02[2][d][i] (3d ed. 2015).

In this case, plaintiff has provided few allegations that might help identify the relevant members of the nursing staff.  He does not identify the nonmedical staff members to whom he complained; he does not describe the details of any of the conversations he had with staff; with the exception of his first complaint, he does not identify the days or approximate times that he made any of his complaints; he does not say whether any of the staff gave him specific names of nurses with whom they spoke (or whether he asked for these names).  In addition, plaintiff does not describe any efforts he made to learn the names of the nurses. Until plaintiff provides this information, I cannot allow him to proceed on a claim that unknown nurses violated his rights.

Plaintiff provides even less information about his claim regarding the one-month delay in seeing a dentist.  For example, plaintiff does not explain why he believes that the

nurses were responsible for scheduling the dentist appointment or what he believes any of them could have done to help him get an earlier appointment.  If the reason for the delay was that the dentist was not available for a month, then the nurses cannot be held liable for the delay.

Further, it is puzzling why plaintiff does not know the names of the nurse or the nurses allegedly responsible for this delay.  After all, this delay occurred after plaintiff was examined by nursing staff, so plaintiff should have been able to learn the names of the nurses during the examination.  Again, plaintiff does not describe any efforts he took to learn the names of the person or persons allegedly responsible for the delay.

If plaintiff chooses to file an amended complaint that includes these claims, he should include the following information, if he knows it:

- why he believes the nursing staff is responsible for the delay in examining him and the delay in seeing a dentist;

- what he believes the nurses could have done to get plaintiff an earlier appointment for the dentist;

- any treatment that nursing staff provided plaintiff after their examination of him;

- any details that would help identify the nurses allegedly responsible for the delay, including: (1) the names of the nonmedical staff members to whom he complained; (2) the details of any of the conversations he had with nonmedical staff about his request to see the nurses; (3) the days and

7

approximate times that he made any of his complaints; (4) the names of any

nurses that staff said they contacted; (5) the details of the conversation he had

with nursing staff when they examined him six days later; and (6) the names

of any nurses involved in that examination; and

• the efforts that plaintiff has made to learn the names of the nurses allegedly

responsible.

Because plaintiff has not stated a claim upon which relief may be granted with respect

to his federal claims, I decline to consider plaintiff's state law claims at this time.  However,

if plaintiff chooses to file an amended complaint, he should include any additional

information he knows about the unnamed food vendor and what efforts he has made to

learn the identity of that vendor.


D.  Guidance on Filing an Amended Complaint

If plaintiff chooses to amend his complaint, he must file a document that can *replace*

his complaint rather than just supplement it.  In other words, the amended complaint should

include all the allegations relevant to all of his claims. As I have informed other pro se

plaintiffs, "parties are not allowed to amend a pleading by simply adding to or subtracting

from the original pleading in subsequent filings scattered about the docket.  If [plaintiffs]

wish to amend their complaint, they must file a proposed amended complaint that will

completely replace the original complaint. . . . [T]here can be only one operative complaint

in the case." Boriboune v. Berge, No. 04-C-15-C,  2005 WL 256525, *1  (W.D. Wis. Jan.

8

31, 2005).

The reason for such a rule is plain enough.  If the "operative pleading" consists of multiple documents, the scope of the plaintiff's claims becomes unclear and it becomes difficult if not impossible for the defendants to file an answer.  To avoid ambiguity, the amended complaint must be able to stand on its own without any reference to the original complaint.  Thus, if plaintiff files an amended complaint and he omits any allegations from the original complaint, I will construe the omission as a decision to remove those allegations from the case.

ORDER

IT IS ORDERED that

1.  Plaintiff Valiant Green's complaint is DISMISSED WITH PREJUDICE as to his claim that "John Doe Food Vendor/Distributor" violated his constitutional rights.  The remainder of plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for his failure to provide fair notice of his claims.

2.  Plaintiff may have until November 30, 2015, to file an amended complaint that addresses the problems discussed in this order.

3.  If plaintiff does not respond by November 30, 2015, I will dismiss his federal claims with prejudice for failure to state a claim upon which relief may be granted and I will decline to exercise supplement jurisdiction over his state law claims, in accordance with 28

9

U.S.C. § 1367(c)(3).

Entered this 12th day of November, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge