IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VALIANT GREEN,

                Plaintiff,

    v.

DAVID G. BETH, BRAD HEILET,
DAVE LIANEU, JANE AND/OR JOHN
DOE NURSING STAFF and
JOHN DOE FOOD VENDOR/DISTRIBUTOR,

                Defendants.

ORDER

15-cv-540-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated November 12, 2015, I screened pro se prisoner Valiant Green's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A. Dkt. #14. I concluded that plaintiff's claim under 42 U.S.C. § 1983 against "John Doe Food Vendor/Distributor" failed to state a claim upon which relief may be granted because private companies cannot be sued under § 1983. Blum v. Yaretsky, 457 U.S. 991, 1004 (1982). With respect to plaintiff's remaining claims under both § 1983 and state law regarding defendants' alleged failure to prevent plaintiff from being harmed by foreign objects in his food, I concluded that plaintiff had failed to provide fair notice of those claims, as required by Fed. R. Civ. P. 8. I gave plaintiff a November 30, 2015 deadline to file an amended complaint that provided the missing allegations.

In response, plaintiff has filed two motions: (1) a motion for reconsideration of the

1

decision to dismiss the § 1983 claim against "John Doe Food Vendor/Distributor," dkt. #15; and (2) a motion to extend his deadline for filing an amended complaint to January 23, 2016, dkt. #16. For the reasons explained below, I am denying the motion for reconsideration and granting in part the motion for an extension of time.

In his motion for reconsideration, plaintiff cites Jackson v. Metro. Edison Co., 419 U.S. 345 (1974), for the proposition that a private actor may be held liable under § 1983 for a constitutional violation when that actor has a "symbiotic relationship" with the government. However, in Jackson, 419 U.S. at 357, the Court *rejected* the argument that a private utility company could be held liable under § 1983, even though the state "heavily regulated" the company and granted it a partial monopoly. In this case, plaintiff does not allege that the state has any control over the vendor apart from influence the prison might have as a customer, so plaintiff's argument is even weaker than the one in Jackson.

The other cases plaintiff cites are not helpful either. In West v. Atkins, 482 U.S. 42 (1988), the defendants had employment contracts with the state, but plaintiff does not allege that the food vendor has any relationship with the state other than as a seller of a product. In Cunningham v. Southlake Center for Mental Health, Inc., 924 F.2d 106, 107 (7th Cir. 1991), the court stated that a private actor could be held liable under § 1983 if the private actor entered into an agreement with the state to violate the plaintiff's rights. However, plaintiff does not allege that prison officials and the vendor had an agreement to place harmful objects in plaintiff's food.

In sum, plaintiff cites no authority for the view that selling a product to the state is

enough to make a company liable under § 1983. Accordingly, I am denying plaintiff's motion for reconsideration.

In his request for an extension of time, plaintiff says that he needs more time to file an amended complaint for three reasons: (1) the jailhouse lawyer helping him lives on another unit, so their only means of communication is through U.S. mail; (2) his family has documents that contain some of the facts he needs to amend his complaint; and (3) he is looking for counsel to help him amend his complaint. The first two reasons support a modest extension of time. However, I decline to consider plaintiff's search for counsel in calculating how much extra time plaintiff needs.

Plaintiff does not need a lawyer to help him amend his complaint. The problem with plaintiff's complaint was not that it was unclear or poorly written. Rather, it was missing facts necessary to give defendants fair notice of how they violated plaintiff's rights. In drafting an amended complaint, all plaintiff needs to do is include the missing facts. Because the court has already identified the missing facts and plaintiff should have personal knowledge of those facts, plaintiff does not need legal assistance to draft the amended complaint. To the extent plaintiff needs any help, he does not explain why the assistance of his jailhouse lawyer is not sufficient.

Accordingly, I see no reason why plaintiff needs more than two months to file an amended complaint. I will give plaintiff three additional weeks, until December 21, 2015.

ORDER

IT IS ORDERED that

1. Plaintiff Valiant Green's motion for reconsideration, dkt. #15, is DENIED.

2. Plaintiff's motion for an extension of time, dkt. #16, is GRANTED IN PART. Plaintiff may have until December 21, 2015, to file an amended complaint. If plaintiff does not respond by December 21, 2015, I will dismiss the case for plaintiff's failure to state a claim upon which relief may be granted. If plaintiff seeks an additional extension of time, I will administratively close the case and allow plaintiff to reopen it if he gathers the additional facts that he needs within a reasonable time.

Entered this 2d day of December, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge