IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VALIANT GREEN,

                      Plaintiff,

    v.

DAVID G. BETH, BRAD HEILET,
DAVE LIANEU, JANE AND/OR JOHN
DOE NURSING STAFF and JOHN
DOE FOOD VENDOR/DISTRIBUTOR,

                      Defendants.

ORDER

15-cv-540-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Valiant Green is proceeding on the following claims: (1) defendants David Beth, Brad Heilet and Dave Lianeu failed to properly screen the food at the Kenosha County Detention Center or otherwise take steps to protect prisoners from unsafe food, in violation of the Eighth Amendment and Wisconsin common law negligence; (2) an unknown food vendor or distributor failed to prepare or screen the food properly, in violation of Wisconsin common law negligence; and (3) an unknown nurse or nurses refused to provide treatment to plaintiff for several days after he damaged his teeth, in violation of the Eighth Amendment and the Wisconsin common law of negligence. The case is stayed while the court attempts to locate counsel to represent plaintiff.

      Despite this stay, defendants Beth and Lianeu have filed a motion to transfer this case to the Eastern District of Wisconsin. Dkt. #41. Although defendants should have

1

accompanied their motion with a request to lift the stay, I will lift the stay on the court's own motion because I believe it makes sense to resolve the venue issue before recruiting counsel. If the motion to transfer is granted, the transfer could create an inconvenience for counsel recruited from this district, requiring recruitment of new counsel after the case is transferred. Cf. Lee v. Foster, No. 15-cv-1132 (E.D. Wis.), dkt. #34 (relieving recruited counsel of any further obligations after deciding to transfer case to Western District of Wisconsin). Further, I see no reason why plaintiff cannot respond to defendants' motion without the assistance of counsel. I granted plaintiff's request for assistance in recruiting counsel because of the difficulties plaintiff likely will face in identifying the unknown defendants, not because plaintiff lacked intelligence or legal skill. Dkt. #36 at 3. Because determining proper venue is a much more straightforward exercise than conducting large amounts of discovery to track down defendants, I am confident that plaintiff is capable of filing a brief and any other materials necessary to respond to defendants' motion.

ORDER

IT IS ORDERED that the stay is LIFTED for the limited purpose of resolving the motion to transfer filed by defendants David Beth and Dave Lianeu. Plaintiff Valiant Green may have until December 23, 2016, to file a response to the motion to transfer. Defendants may have until December 30, 2016, to file a reply. If defendants' motion is denied, I will

resume the search for counsel and reimpose the stay at that time.

    Entered this 1st day of December, 2016.

                                BY THE COURT:

                                /s/

                                _____
                                BARBARA B. CRABB
                                District Judge