IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VALIANT GREEN,

                Plaintiff,

    v.

DAVID G. BETH, BRAD HEILET,
DAVE LIANEU, JANE AND/OR JOHN
DOE NURSING STAFF and JOHN
DOE FOOD VENDOR/DISTRIBUTOR,

                Defendants.

ORDER

15-cv-540-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Valiant Green is proceeding on the following claims: (1) defendants David Beth, Brad Heilet and Dave Lianeu failed to properly screen the food at the Kenosha County Detention Center or otherwise take steps to protect prisoners from unsafe food, in violation of the Eighth Amendment and Wisconsin common law negligence; (2) an unknown food vendor or distributor failed to prepare or screen the food properly, in violation of Wisconsin common law negligence; and (3) an unknown nurse or nurses refused to provide treatment to plaintiff for several days after he damaged his teeth, in violation of the Eighth Amendment and Wisconsin common law negligence. I stayed the case to attempt to recruit counsel for plaintiff, dkt. #36, but then lifted the stay after defendants moved under 28 U.S.C. §§ 1391 and 1404 to transfer the case to the Eastern District of Wisconsin. Dkt. #44. I concluded that it made sense to resolve the venue issue before recruiting counsel,

1

both because plaintiff was capable of litigating the relatively simple question of venue on his own and because appointing counsel before a potential transfer could create an inconvenience for any local lawyer who agreed to take the case. Cf. Lee v. Foster, No. 15-cv-1132 (E.D. Wis.), dkt. #34 (relieving recruited counsel of any further obligations after deciding to transfer case to Western District of Wisconsin).

Defendants argue that the case should be transferred because all of the known defendants reside in the Eastern District of Wisconsin, making venue appropriate there under § 1391(b)(1), and the events giving rise to this case occurred in that district, making venue appropriate there under § 1391(b)(2). For the same reasons, and because most witnesses and evidence likely are located in the Eastern District, defendants argue that transfer under § 1404 is appropriate for the convenience of the parties and witnesses.

I agree with defendants that venue is not proper in this district. No known party resides in this district and none of the events relevant to the case occurred here. Because venue is proper in the Eastern District of Wisconsin, § 1391(b) requires that I transfer the case there.

Plaintiff objects to transfer on two grounds: (1) he was unable to find a lawyer to represent him in the Eastern District of Wisconsin; and (2) he wants to live in Minnesota, which is closer to this district. However, the convenience of the plaintiff is not a factor that I may consider under § 1391 when § 1391(b)(1) and (2) clearly point to a different district. Leroy v. Great West United Corp., 443 U.S. 173, 185 (1979). See also Bates v. C & S Adjusters, Inc., 980 F.2d 865, 867 (2d Cir. 1992) ("[P]laintiff's convenience [is] not a

relevant factor [under § 1391(b)]."); Nuckols v. Stevens, No. 2:14-CV-705-WKW, 2014 WL 5197205, at *4 (M.D. Ala. Oct. 14, 2014) ("[C]onvenience to the plaintiff is not a factor bearing on the § 1391 analysis."); Luderus v. U.S. Helicopters, Inc., No. 12-CV-5094, 2013 WL 677814, at *3 (N.D. Ill. Feb. 25, 2013) ("§ 1391(b)(1) reflects an obvious Congressional desire to avoid inconvenience to defendants.").

Even if I could consider plaintiff's convenience, I still would conclude that transfer is appropriate. First, plaintiff's argument regarding his ability to find a lawyer in the Eastern District is a nonstarter because plaintiff was unable to find a lawyer in this district either. That is one of the reasons why I granted his motion for assistance in recruiting counsel. Second, if plaintiff is living in Minnesota, he will have to travel a significant distance for court hearings regardless whether the proceedings occur in Madison or Milwaukee.

Accordingly, I am granting defendants' motion to transfer. If plaintiff still wants court assistance in recruiting counsel, he should renew his motion with the court in the Eastern District of Wisconsin.

ORDER

IT IS ORDERED that the motion to transfer filed by defendants David Beth, Brad Heilet and Dave Lianeu, dkt. #41, is GRANTED. The clerk of court is directed to

TRANSFER this case to the United States District Court for the Eastern District of Wisconsin.

    Entered this 1st day of February, 2017.

        BY THE COURT:
        /s/
        BARBARA B. CRABB
        District Judge